OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Centex Home Equity Company, LLC, (hereinafter referred to as "Centex"), appeals the judgment of the Hardin County Court of Common Pleas denying its motion for summary judgment. On appeal, Centex asserts that the trial court erred in concluding that an unexercised "Option to Repurchase" constitutes an interest in real property that is superior to the mortgage it held; that the trial court erred in concluding that an "Option to Repurchase" is not void as being repugnant to the fee simple interest conveyed to Defendants, Scott L. and Christina Williams; that the trial court erred in concluding that the "Option to Repurchase" forbid Scott L. and Christina Williams from Mortgaging the subject property and/or that the "Option to Repurchase" is binding upon it; and, that the trial court erred in concluding that it was not entitled to step into the shoes of American Finance Corporation (hereinafter referred to as "American Finance") under the doctrine of equitable subrogation. Finding that the order appealed from is not final and appealable, we dismiss Centex's appeal. *Page 3 
 {¶ 2} On November 9, 2000, Defendants-Appellees, Thomas L. and Judy Williams, conveyed real property commonly known as 5621 County Road 60, Ada, Ohio (hereafter referred to as "the Property") to their son and daughter-in-law, Scott L. and Christina Williams (hereinafter referred to as "Scott and Christina"). At the closing of the conveyance, Appellees delivered a general warranty deed, which provided "That THOMAS L. WILLIAMS, a married man, of Hardin County, Ohio, for valuable consideration paid, grants with general warranty covenants to SCOTT L. WILLIAMS AND CHRISTINA WILLIAMS, husband and wife, for their joint lives, remainder to the survivor of them, * * *, the following described Real Property:" Also, Scott and Christina executed a promissory note and purchase-money mortgage in the amount of $79,000 in favor of American Finance. Further, Appellees, as optionee(s), and Scott and Christina, as optionor(s), entered into an Option to Repurchase (hereinafter referred to as "Option to Repurchase"), which provided:
 Now therefore, in addition to the consideration referred to in said deed, the said optionor [Scott and Christina] grant unto said optionee [Appellees] the privilege and option of repurchasing said premises on or before November 1, 2020 or the death of the last surviving optionee whichever shall occur first, at the same price [$63,000] and on similar terms as the sale on this date. It is expressly understood and agreed that this option is binding upon and inures to the benefits of the parties hereto, their heirs, personal representatives and assigns; and that if the option herein granted is not exercised within the time limit set forth that it shall become of no further force and effect in law and in equity. *Page 4 
Additionally, on November 13, 2000, a general warranty deed and mortgage enshrining this conveyance was recorded in the Hardin County Recorders Office. Further, on November 16, 2000, the Option to Repurchase was recorded in the Hardin County Recorders Office. Finally, it is undisputed that Appellees have not exercised the Option to Repurchase.
 {¶ 3} In November 2001, Scott and Christina executed a promissory note and mortgage in favor of Centex, the proceeds of which were used to payoff unsecured debts and to satisfy the purchase-money mortgage held by American Finance. In December 2001, this mortgage was recorded in the Hardin County Recorders Office.
 {¶ 4} In July 2005, Centex commenced a foreclosure action on the Property, because Scott and Christina failed to make payments on its mortgage.
 {¶ 5} In October 2005, Centex and Appellees stipulated that Appellees could intervene "for the purpose of (a) determining whether [Appellees] have an interest in the subject property capable of enforcement and (b) if this Court adjudicates and decrees that [Appellees] have an interest in the subject property capable of enforcement, whether such interest is entitled to priority as against [Centex's] mortgage."
 {¶ 6} In February 2006, Centex moved for summary judgment against Appellees. In its motion, Centex argued that Appellees do not have an interest in *Page 5 
the Property that is capable of enforcement in its foreclosure action, because the Option to Repurchase is not a lien on the Property. Also, Centex asserted that even if the Option to Repurchase created an interest in the Property, it is unenforceable, because it is a restraint on alienation and the maxim expressio unius est exclusio alterius would not allow Appellees to enforce it. Finally, Centex argued that if the Option to Repurchase created an interest in the Property, its mortgage would be entitled to the first lien position under the doctrine of equitable subrogation.
 {¶ 7} In March 2006, Appellees responded to Centex's motion for summary judgment arguing that they have a valid and proper lien on the Property; that their Option to Repurchase was filed and of record, which put Centex on notice of the Option; that they have indicated their desire to exercise their option, but did not formally give notice to Scott and Christina, because the Property was in foreclosure; and, that the Option to Repurchase was executed at the same time as the original sale to Scott and Christina, so Centex would not be entitled to priority under the doctrine of equitable subrogation.
 {¶ 8} On March 24, 2006, the trial court denied Centex's motion for summary judgment. In its entry, the trial court noted that the parties stipulated that there are no issues of fact in dispute; that the Appellees' Option to Repurchase is an interest in the Property; that Centex presented no evidence that it was incapable *Page 6 
of discovering the priority of Appellees' lien; and, that since the Option to Repurchase will vest within the period required by R.C.2131.08, it is not an invalid and unreasonable restraint on alienation.[1]
 {¶ 9} In May 2006, the parties entered into an agreed judgment entry. Within the agreement, the parties made three stipulations. First, the parties agreed "for the limited purpose of appeal on the priority issue" that the Option to Repurchase has priority over Centex's mortgage. Second, the parties agreed that Centex consents to a finding of priority in Appellees "only for purposes of this court entering a final, appealable order in this case as to the priority" of Centex's mortgage over the Option to Repurchase. Third, the parties agreed that there shall be no just cause for delay as to the denial of Centex's motion for summary judgment.
 {¶ 10} It is from the May 2006 agreed judgment entry, which includes the trial court's denial of Centex's motion for summary judgment, that Centex appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The Trial Court erred in concluding that the Option to Repurchase, having not been exercised by Defendant/Appellees Thomas L. Williams and Judy Williams, constitutes an interest in real property commonly known as 5621 County Road 60, *Page 7 Ada, Ohio that is superior to the mortgage held by Centex Home Equity Company, LLC.
 Assignment of Error No. II The Trial Court erred in concluding that the Option to Repurchase is not void as being repugnant to the fee simple interest conveyed to Scott L. Williams and Christina Williams.
 Assignment of Error No. III Even if the Option to Repurchase is valid and enforceable as to Centex, the Trial Court erred in concluding that the Option to Repurchase forbid Williams' mortgaging the subject property and/or that the Option to Repurchase is binding upon Centex.
 Assignment of Error No. IV The Trial Court erred in concluding that Centex Home Equity Company, LLC is not entitled to step into the shoes of American Finance Corporation under the doctrine of equitable subrogation.
 {¶ 11} Prior to reviewing Centex's assignments of error, we must determine whether the trial court's denial of Centex's motion for summary judgment and the parties' agreed judgment entry yield a final appealable order subject to our review.
 {¶ 12} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
 {¶ 13} R.C. 2505.02(B) provides: *Page 8 
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action;
 (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305. 234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code.
 {¶ 14} It is apparent that the May 2006 agreed judgment entry or the trial court's denial of Centex's motion for summary judgment does not vacate a judgment, grant a provisional remedy, deal with a class action, or determine the *Page 9 
constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80. Thus, R.C.2505.02(B)(3)-(6) do not apply.
 {¶ 15} For R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding. R.C. 2505.02(A)(2) defines a special proceeding as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Since foreclosure actions were in existence prior to 1853, they are not special proceedings in the context of final appealable orders. See Second Natl. Bank of Warren v. Walling, 7th Dist. No. 01-C.A.-62, 2002-Ohio-3852, ¶ 17; see, e.g., Higgins v. West (1832),5 Ohio 554. Therefore, R.C. 2505.02(B)(2) does not apply.
 {¶ 16} For R.C. 2505.02(B)(1) to apply to either the May 2006 agreed judgment entry or the trial court's denial of Centex's motion for summary judgment, it must affect a substantial right, determine the action, and prevent further judgment. Typically, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. ThirdNatl. Bank of Circleville v. Speakman (1985), 18 Ohio St.3d 119, 120;Oberlin Sav. Bank Co. v. Fairchild (1963), 175 Ohio St. 311, 312-13.
 {¶ 17} A number of appellate courts have determined that a judgment entry ordering a foreclosure sale is not a final and appealable order unless it resolves all of the issues involved in the foreclosure, including: whether an order of sale is to *Page 10 
be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due to the various claimants. State ex rel. Montgomery v. Ohio Cast Products,Inc. (June 26, 2000), 5th Dist. No. 1999CA00394; BCGS, L.L.C. v.Raab (July 17, 1998), 11th Dist. No. 98-L-041; Gaul v. Leeper (July 15, 1993), 8th Dist. No. 63222; Alpine Terrace Condominium Unit Ass `n.,Inc. v. Volz (Nov. 4, 1992), 1st Dist. No. C-910852; see Oberlin SavingsBank Co. v. Fairchild (1963), 175 Ohio St. 311, 312 (noting that a trial court judgment entry that orders a foreclosure sale and that finds amounts due to various claimants is a final, appealable order).
 {¶ 18} Additionally, until a final decree of foreclosure has been issued, the Eleventh District has held that appellate courts are without jurisdiction to consider the appeal, because the trial court has failed to issue a final appealable order. Mortgage Electronic RegistrationSystems, Inc. v. Estate of Rose, 11th Dist. No. 2004-L-120,2005-Ohio-559, at ¶ 5.
 {¶ 19} Also, it is well established that the denial of a motion for summary judgment is not a final appealable order. State ex rel.Overmeyer v. Walinski (1966), 8 Ohio St.2d 23. This is due to the fact that the denial does not determine the action and prevent a judgment and, therefore, is not a final appealable order under R.C. 2505.02.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. See, also, Klein v.Portage Cty. (2000), 139 Ohio App.3d 749, 751. The denial of a *Page 11 
motion for summary judgment is reviewable on appeal after a final judgment has been issued. Balson v. Dodds (1980), 62 Ohio St.2d 287, paragraph one of the syllabus. Accordingly, as applied to the case sub judice, an appeal could not be perfected from the trial court's denial of Centex's motion for summary judgment.
 {¶ 20} However, in what appears to be an attempt to cure this defect, the parties entered into an agreed judgment entry, which incorporated the trial court's ruling on Centex's summary judgment motion and, as noted above, the parties made three stipulations in order to expedite this appeal. First, the parties agreed "for the limited purpose of appeal on the priority issue" that the Option to Repurchase has priority over Centex's mortgage. Second, the parties agreed that Centex consents to a finding of priority in Appellees "only for purposes of this court entering a final, appelable order in this case as to the priority" of Centex's mortgage over the Option to Repurchase. Third, the parties agreed that there shall be no just cause for delay as to the denial of Centex's motion for summary judgment. In essence, Centex sought to have this Court determine whether it has priority over Appellees in its foreclosure action without having the trial court determine whether Appellees actually had priority.
 {¶ 21} With respect to the parties' May 2006 agreed judgment entry, it does include a stipulation that Appellees' Option to Repurchase has priority over Centex's mortgage; however, it does not include an agreement to proceed with a *Page 12 
foreclosure sale, resolve whether an order of sale is to be issued, resolve what other liens must be marshaled before a distribution can be ordered, and determine the amounts that are due to the various claimants. Additionally, while it appears that the parties entered into the agreed judgment entry to expedite this appeal, and albeit a well intended agreed judgment entry, the parties cannot agree to give this court jurisdiction that it does not otherwise possess. See e.g.,Snyder v. Celina Mut. Ins. Co., 3d Dist. No. 10-05-20, 2006-Ohio-6487, at ¶ 13; Moore v. Daw, 5th Dist. No. CT2002-0002, 2002-Ohio-6604.
 {¶ 22} Consequently, this Court finds that the trial court has not yet issued a final appealable order. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits in this matter.
 {¶ 23} Accordingly, this appeal is dismissed, sua sponte, for want of jurisdiction and the cause is remanded.
Appeal Dismissed.
 SHAW and GEORGE, JJ., concur.
 (George, J., retired, of the Ninth Appellate District sitting byassignment in the Third Appellate District.)
[1] The trial court further noted that there may be merit to Appellees' position that they may be permitted to purchase the Property at their option price with the proceeds being payable to Centex, but that there was not a proper motion pending before it requesting same. *Page 1