EDDY, Treasurer, Appellee,

v.

MATTHEWS a.k.a. Kinstle, Appellant;  Board of Allen
County Commissioners et al., Appellees.

[Cite as *Eddy v. Matthews,* 176 Ohio App.3d 287, 2008-Ohio-1786.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–07–77.

Decided April 14, 2008.

Juergen A. Waldick, Allen County Prosecuting Attorney, and Anthony J. Miller, Assistant Prosecuting Attorney, for appellees, Rhonda D. Eddy, Treasurer, Board of County Commissioners, and Allen County Engineers.

Terry J. Lodge, for appellant.

_____

SHAW, Presiding Judge.

{¶ 1} Defendant-appellant J.C. Matthews, a.k.a. Nicholas J. Kinstle ("Kinstle"), appeals the October 12, 2007 judgment entry and decree of foreclosure of the Court of Common Pleas, Allen County, Ohio, granting the motion of Rhonda D. Eddy, Treasurer of Allen County, Ohio, for summary judgment.

{¶ 2} This matter arises from a complaint in foreclosure, filed on July 21, 2005, against J.C. Matthews by Eddy, acting in her capacity as treasurer of Allen County. The complaint alleged that Matthews owed Allen County a sum of $21,849.88 in delinquent taxes, assessments, sewer-usage fees, interest, and penalties, plus accrued taxes, assessments, sewer-usage fees, penalties, and interest to the date of sale for treasurer's parcel Number I28 38–1600–02–001.005, located in Jackson Township, Allen County, Ohio, on Swaney Road.

{¶ 3} The identity and address of J.C. Matthews was unknown. It appears from the record that the notice of the complaint in foreclosure was served by publication. Publication began in The Lima News commencing on August 1, 2005. We note that multiple additional parties were named in the complaint for foreclosure as having a possible interest in the property should the property be foreclosed upon.

{¶ 4} On September 9, 2005, Kinstle, identifying himself as "Nicholas J. Kinstle, aka J.C. Matthews" filed an "Answer, Counterclaim Crossclaim." In his pleadings, Kinstle asserted what was in essence a third-party claim against the Allen County Engineer and the Allen County Board of Commissioners relating to what he terms the "Kinstle Ditch Project."

{¶ 5} According to Kinstle, the Kinstle ditch project was improperly completed when the Allen County engineer failed to complete installation of a box culvert, resulting in property damage to Kinstle in the amount of more than $50,000. Moreover, Kinstle alleges that the value of the property has diminished to the extent that the property is now unsalable.

{¶ 6} It appears from the record that Kinstle's answer, counterclaim, and crossclaim was properly served on the Allen County engineer and the board of Allen County Commissioners. On September 28, 2005, the Allen County Board of Commissioners and the Allen County engineer separately answered and requested that the cross-claim and counterclaim be dismissed. Eddy answered

on September 18, 2005, denying all allegations in the cross-claim and counter-claim.

{¶ 7} Eddy moved for summary judgment on November 8, 2006. Included with the motion was Eddy's affidavit stating that Kinstle had not paid property taxes on the Swaney Road property since 2000 and owed $27,394.20 through the year 2005.

{¶ 8} On January 9, 2007, the trial court granted Eddy's summary-judgment motion. However, on January 22, 2007, the trial court vacated its grant of summary judgment based on Kinstle's allegations that he was never served with the motion for summary judgment due to the motion being sent to an incorrect address.

{¶ 9} On March 19, 2007, this matter was stayed pending Kinstle's appeal in *Kinstle v. Union Cty. Sheriff's Office,* 3rd Dist. No. 14–07–16, 2007-Ohio-6024, 2007 WL 3342760. On July 9, 2007, the case was placed back on the active docket. Kinstle was given until August 2, 2007, to respond to Eddy's November 8, 2006 motion for summary judgment. Kinstle was subsequently granted additional time in which to file his response.

{¶ 10} On August 20, 2007, Kinstle filed a response to Eddy's motion for summary judgment. Eddy responded on September 14, 2007. Attached to her response were certified copies of the taxes owed by Kinstle and an affidavit of Douglass S. Degan, drainage engineer of the Allen County engineer's office, detailing the chronology of the Kinstle ditch project.

{¶ 11} The trial court granted summary judgment for Eddy on September 27, 2007. On October 12, 2007, the trial court entered a judgment entry and decree of foreclosure. After the October 12, 2007 judgment, Kinstle filed various motions in objection to the decision. The trial court overruled Kinstle's various motions after the grant of summary judgment. However, the trial court granted a stay of the sale for the foreclosure, pending the outcome of this appeal.

{¶ 12} Kinstle now appeals, asserting two assignments of error.

## ASSIGNMENT OF ERROR I

It is a denial of due process and violative of civil procedure to award judgment upon a claim without contemporaneous adjudication of a counterclaim or crossclaim directly related to the original claim.

## ASSIGNMENT OF ERROR II

It was reversible error for the trial court on summary judgment to allow supplemental evidence to be introduced, post hoc, by the movant, then to weigh that evidence and grant judgment.

{¶ 13} Both of Kinstle's assignments of error pertain to the trial court's grant of summary judgment. An appellate court reviews a grant of summary judgment independently and without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.* (1998), 128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. *Hasenfratz v. Warnement,* 3rd Dist. No. 1–06–03, 2006-Ohio-2797, 2006 WL 1519921, citing *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 572 N.E.2d 198.

{¶ 14} A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish that (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); see *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 15} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. See Civ.R. 56(E). In ruling on a summary-judgment motion, a court is not permitted to weigh evidence or choose among reasonable inferences; rather, the court must evaluate evidence, taking all permissible inferences and resolving questions of credibility in favor of the nonmoving party. *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653.

{¶ 16} Accordingly, in the present case, Eddy was required to demonstrate that there were no genuine issues of material fact remaining among the parties herein, or at least as between Kinstle and Eddy.

{¶ 17} We first note that apparently there were parties joined in the present case that were not disposed of in the motion for summary judgment. Although improperly labeled as counterclaims or cross-claims, Kinstle did assert

a claim against the Allen County engineer and the Allen County Board of Commissioners. Moreover, although both the engineer and the commissioners moved that the complaints against them be dismissed, the trial court has never acted on these motions.

{¶ 18} Typically, "it is well established that a trial court's order granting summary judgment upon the whole case as to fewer than all the parties is a final appealable order only upon an express determination that 'there is no just reason for delay' until judgment is granted as to all the parties." *Walter v. AlliedSignal, Inc.* (1999), 131 Ohio App.3d 253, 258, 722 N.E.2d 164; quoting Civ.R. 54(B). However, in the present case, the trial court never granted summary judgment with respect to all claims, only as to the claims against Eddy. Moreover, the trial court did not issue any separate rulings concerning the disposition of the case with respect to the remaining parties other than Eddy.

{¶ 19} The trial court did state in its judgment entry and decree of foreclosure that "[t]he Court further finds that the claims of Defendant, J.C. Matthews aka Nicholas J. Kinstle, against other Defendants are not relevant to the issue of unpaid taxes and assessments." However, the trial court never actually dismissed the claims.

{¶ 20} We further note that the trial court never explicitly severed Kinstle's claims against the Allen County engineer and the Allen County Board of Commissioners from Eddy's claim again Kinstle.

{¶ 21} Furthermore, even if Eddy's claim and Kinstle's claims could be treated as severed, this court is mindful that the trial court never considered whether severance was a proper remedy. On their face, Kinstle's claims against the Allen County engineer and the Allen County Board of Commissioners may bear directly on the assessed amount of property taxes. For example, Kinstle argued in his original answer, counterclaim, and cross-claim that the property was improperly assessed for tax purposes due to the decreased value of the property resulting from the failure of the Allen County engineer to complete the Kinstle ditch project. Kinstle specifically alleged in his answer:

> The improper completion of the ditch project has resulted in damages in excess of $50,000.00 to the property due to improper drainage and lack of ability to sell the property in question in this suit. * * * The Engineer should return the assessment charged for the engineering of the box culvert, or install it as designed in the Kinstle Ditch Project.

{¶ 22} This court also notes that a question was raised in Kinstle's pleadings regarding his receipt of tax documentation pertaining to the period in which he failed to pay property taxes. Specifically, Kinstle claims that tax documents were sent to the mailing address of 3340 Swaney Road, Harrod, Ohio, 45850. Howev-

er, Kinstle claims that no mail is received at 3340 Swaney Road but that his correct mailing address is 3320 Swaney Road. Not only does Kinstle claim that he was never served with tax documents, but he also claims that he was not served with documents in the present case because of the usage of an incorrect mailing address.

{¶ 23} We note that in the present case, from the time of filing of Kinstle's answer, documents were sent to the incorrect address of 3340 Swaney Road, including the answer of both the Allen County engineer and the Allen County Board of Commissioners. Moreover, we note that Kinstle contends that he was not served with a copy of Eddy's motion for summary judgment prior to the trial court's initial grant of summary judgment.

{¶ 24} These contentions are supported by the praecipe of personal service contained in the record, listing Kinstle's address as 3340 Swaney Road. Although, we note that Kinstle did provide the trial court with a correct address to be used throughout the remainder of this case, this address confusion calls into question whether Kinstle was receiving these tax assessments throughout the period of unpaid property taxes. Moreover, if Kinstle was not receiving tax documents, he may have been denied a proper opportunity to both appeal the assessments and to plead the devaluation of his property through the failure to complete the Kinstle ditch project.

{¶ 25} We also note that the trial court, in its judgment entry and decree of foreclosure, did not explicitly determine which additional parties had a lien on the property as well as the priority of any such liens. Kinstle expressly disputed that three of the creditors listed in the judgment entry and decree of foreclosure had a lien on his property in his motion for partial relief from judgment. However, the trial court expressly deferred any ruling on these contentions:

> The Court notes that the other named Defendants Allen County Fabrication, Inc., R.J. Stone Development Group and Lanes Moving and Storage and S. Cohn & Son, Inc. have Certificates of Judgment filed in the Allen County Clerk of Courts that attach to the subject real estate. What priority of these liens are is subject to further Order after sale of the subject property for delinquent taxes, assessments, penalties, interest and costs.

{¶ 26} This court and a number of other appellate court have considered what is necessary in a judgment entry ordering foreclosure, concluding that an order of foreclosure must include the following to be final:

> [W]hether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due to the various claimants. *State ex rel. Montgomery v. Ohio Cast Products, Inc.* (June 26, 2000), 5th Dist. No. 1999CA00394 [2000 WL 874685]; *BCGS, L.L.C. v. Raab* (July 17, 1998), 11th Dist. No. 98–L041 [1998 WL

552984]; *Gaul v. Leeper* (July 15, 1993), 8th Dist. No. 63222 [1993 WL 266818]; *Alpine Terrace Condominium Unit Ass'n., Inc. v. Volz* (Nov. 4, 1992), 1st Dist. No. C–910852 [1992 WL 321061]; see *Oberlin Savings Bank Co. v. Fairchild* (1963), 175 Ohio St. 311, 312 [25 O.O.2d 181, 194 N.E.2d 580] (noting that a trial court judgment entry that orders a foreclosure sale and that finds amounts due to various claimants is a final, appealable order).

*Centex Home Equity Co., L.L.C. v. Williams*, 3rd Dist. No. 6–06–07, 2007-Ohio-902, 2007 WL 641405.

{¶ 27} In sum, our review of the record reveals numerous unresolved matters that create genuine issues of material fact regarding the circumstances surrounding these tax assessments, the unpaid taxes, the Kinstle ditch project, and the priority of lienholders should a foreclosure sale occur. These genuine issues of material fact preclude the granting of summary judgment for Eddy.

{¶ 28} Accordingly, Kinstle's first assignment of error is sustained. Because we are sustaining Kinstle's first assignment of error, the judgment of the trial court is reversed and remanded. Therefore, we do not need to reach Kinstle's second assignment of error.

{¶ 29} Based on the foregoing, the October 12, 2007 judgment entry and decree of foreclosure of the Court of Common Pleas, Allen County, is vacated, and the case is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PRESTON and WILLAMOWSKI, JJ., concur.