OPINION *Page 2 
{¶ 1} Defendant-Appellant, Nicholas J. Kinstle, a.k.a. J.C. Matthews, appeals the decision of the Allen County Court of Common Pleas granting summary judgment in favor of Defendant-Appellees, Jim Link as Treasurer of Allen County ("Treasurer"), the Board of Allen County Commissioners ("Commissioners"), and the Allen County Engineer ("Engineer") (Treasurer, Commissioners, and Engineer collectively referred to as "Appellees"). On appeal, Kinstle contends that the trial court erred in granting summary judgment to the Engineer and Commissioners because it improperly allowed supplemental evidence to be introduced and because it did not explicitly determine which additional parties had valid liens or lien priority. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} In July 2005, Rhonda Eddy[1], Treasurer of Allen County, filed an action of foreclosure against Kinstle alleging that he had failed to pay $21,849.99 in taxes, assessments, sewer usage fees, interest, and penalties for Treasurer's Parcel Number 128 38-1600-02-001.005, located in Jackson Township, Allen County, Ohio, on Swaney Road (hereinafter "the property").
 {¶ 3} In September 2005, Kinstle filed a pleading entitled "Answer, Counterclaim Crossclaim," in which he admitted that he had an interest in the *Page 3 
property, but denied all other allegations. Additionally, in the "counterclaim/crossclaim" portion of his pleading, Kinstle essentially asserted a third-party claim against the Engineer and Commissioners, alleging that the Engineer failed to complete a ditch project on the property, causing him property damages in excess of $50,000 and that the Commissioners "failed to properly supervise their agents [the Engineer] in the conduct of their duties, causing him property damages and financial assessments for services not received in excess of $50,000." Kinstle made no claims against the Treasurer in the "counterclaim/crossclaim."
 {¶ 4} In September 2005, the Commissioners and Engineer requested that the trial court dismiss the "counterclaim/crossclaim." Additionally, the Treasurer answered, denying all allegations in the "counterclaim/crossclaim."
 {¶ 5} In November 2006, Appellees moved for summary judgment, attaching the Treasurer's affidavit stating that Kinstle had not paid taxes on the property since 2000 and owed $27,394.20 through the year 2005.
 {¶ 6} In January 2007, the trial court granted Appellees' motion for summary judgment. Shortly thereafter, Kinstle filed a pleading alleging that he had not received a copy of Appellees' November 2006 Motion for Summary Judgment as well as a motion to vacate the order granting summary judgment. *Page 4 
Subsequently, the trial court vacated the January 2007 entry granting summary judgment due to lack of service on Kinstle.
 {¶ 7} In August 2007, Kinstle filed a memorandum in opposition to Appellees' motion for summary judgment, alleging that genuine issues of material fact existed; claiming that no taxes were due to the Treasurer; that Douglass Degen, the drainage engineer for Allen County, agreed to perform all improvements of the ditch at the County's expense; that the Engineer was required to assume the cost of the ditch improvements, including a culvert; and, that the Engineer failed to properly install the culvert, resulting in damage to the property. Kinstle attached his own affidavit, testifying that the culvert was improperly installed and that he was never afforded an appeal of tax assessments due to failure to receive his tax bill.
 {¶ 8} In September 2007, Appellees filed a reply to Kinstle's memorandum in opposition, attaching certified copies of documents evidencing Kinstle's tax liability and an affidavit of Douglass Degen detailing the chronology of the ditch project. Specifically, Degen averred that in 1995, Kinstle petitioned Allen County for a ditch reconstruction; that multiple public hearings were held on the ditch project from 1995 until 1997; that, in 1997, the Commissioners dismissed Kinstle's petition for ditch construction due to the lack of interest of the property owners involved; that the property owners were given twenty-one days to appeal *Page 5 
the dismissal, and no appeals were filed; that, in 1998, the Engineer agreed to replace a 24" culvert on Kinstle's property, and, subsequently, installed a 36" culvert; that, in 2004, the Engineer replaced the 36" culvert with a 48" culvert; that the alleged flooding issue was not due to the size of the culvert, but due to the storm water flow of the waterway; and, that, until all of the property owners in the watershed agreed to construct the project, there would occasionally be water flow problems in the area. Thereafter, the trial court granted summary judgment in Appellees' favor.
 {¶ 9} In October 2007, the trial court entered a judgment entry and decree of foreclosure, stating that it had "considered the pleadings and affidavits of Plaintiff, and also the affidavit of Douglass Degen, Drainage Engineer of the Allen County Engineer's Office." (Oct. 2007 Judgment Entry, p. 1). The trial court found that Kinstle was delinquent in the payment of real estate taxes and assessments in the amount of $32,717.55, including penalties, and also found that Kinstle's claims against Appellees were not relevant to the issue of unpaid taxes and assessments. Kinstle appealed the trial court's decision, and the trial court stayed the foreclosure sale pending the appeal.
 {¶ 10} In April 2008, in Eddy v. Matthews, 176 Ohio App.3d 287,2008-Ohio-1786, this Court vacated the trial court's grant of summary judgment and *Page 6 
decree of foreclosure, finding that genuine issues of material fact existed. Specifically, this Court found that:
 [O]ur review of the record reveals numerous unresolved matters that create genuine issues of material fact regarding the circumstances surrounding these tax assessments, the unpaid taxes, the Kinstle ditch project, and the priority of lienholders should a foreclosure sale occur.
Id. at ¶ 27. Thereafter, the trial court placed the matter back on the active docket.
 {¶ 11} In May 2008, Kinstle filed a motion to strike Degen's September 2007 affidavit pursuant to Civ. R. 11, claiming that it was filed out of order; that it was untruthful; and, that under Civ. R. 7(A), it could not be attached to Appellees' reply to his memorandum in opposition to Appellees' motion for summary judgment.
 {¶ 12} In July 2008, the Treasurer filed a motion for judgment on the pleadings pursuant to Civ. R. 12(C) collectively with the Engineer's and Commissioners' joint motion for summary judgment on Kinstle's "counterclaim/crossclaim." The Treasurer argued that he should be dismissed as a party from the "counterclaim/crossclaim" because it was devoid of any facts supporting a claim against him. The Engineer asserted that Kinstle's claim against him was barred by immunity pursuant to R.C. 2744.03(A)(6), and that, even if he was not immune, Kinstle could not prove negligence. The Commissioners argued that they were entitled to judgment as a matter of law because they had no duty to *Page 7 
supervise the construction of the culvert. Appellees attached a new affidavit of Douglass Degen, executed in July 2008, which stated that the culvert on Kinstle's property was properly installed and worked as designed; that the culvert would not work to its full potential until the adjoining property owners performed the waterway portion of the project; that the Engineer was not responsible for correcting this problem because the effected property owners assumed responsibility when they took upon themselves the task of performing the waterway portion of the project; and, that Kinstle never objected to, appealed, or protested any decision made by the Commissioners or the Engineer regarding the culvert or waterway portion of the ditch project.
 {¶ 13} Additionally, in July 2008, Kinstle filed a pleading entitled "Notice to [sic] Dismissal of Third Party Defendants Board of Allen County Engineer" stating that the Engineer was dismissed without prejudice.
 {¶ 14} In August 2008, the Commissioners and the Engineer filed a supplement to Appellees' 2006 motion for summary judgment arguing that, as Kinstle's claims against the Commissioners were based on its failure to supervise its "agent," the Engineer, and Kinstle dismissed his negligence claim against the Engineer, based on established agency principles, the court could not find liability on the part of the board of commissioners; that, even had Kinstle failed to receive a tax bill, that would not relieve him from his duty to pay real estate taxes; and, *Page 8 
that the trial court was not obligated to monitor Kinstle's address changes, which occurred numerous times during the course of litigation. Thereafter, Kinstle filed a response to the Treasurer's motion for judgment on the pleadings, essentially stating that the motion was devoid of necessary facts and that all of the defendants were not named, among various other arguments unsupported by facts, case law, or statute.
 {¶ 15} Later that month, the trial court granted the Treasurer's motion for judgment on the pleadings and granted motions for summary judgment in favor of the Commissioners and the Engineer. In its grant of judgment on the pleadings in favor of the Treasurer, the trial court stated that, even if all of Kinstle's allegations against the Commissioner and the Engineer were true, he had still not made any allegations against the Treasurer or stated any purpose for which the Treasurer was named in the "counterclaim/crossclaim." Accordingly, the trial court concluded that no set of facts could entitle Kinstle to relief against the Treasurer. Additionally, in its grant of summary judgment to the Commissioners and the Engineer, the trial court stated that Kinstle was the true owner of the real estate in question and the current deed to the real estate was in his name; that Kinstle had not paid taxes on the property since December 12, 2000; that, even if Kinstle failed to receive his tax bill because he frequently changed his mailing address, this was not an affirmative defense to an action in foreclosure under R.C. 323.13; *Page 9 
and, that Kinstle's alleged failure to receive assessment information did not cause him to be unable to defend or appeal the assessments, as he was present at the relevant Commissioners' meetings and took no action to protest or appeal the assessments within the time allowed by the statute of limitations. Further, the trial court stated that Kinstle failed to successfully provide specific facts set forth in an admissible fashion, such as authenticated documents, expert testimony, or affidavits setting forth more than broad conclusions in order to withstand the Commissioners' motion for summary judgment. Finally, in its grant of summary judgment to the Engineer, the trial court stated that Kinstle, in his initial "Answer, Counterclaim Crossclaim," named the Engineer as a defendant on the basis that he failed to complete the ditch project, resulting in $50,000 damages to the property; that, in Kinstle's August 2008 filing entitled "Supplemental Response to Plaintiff and Third Party Def. Allen County Commissioners," he stated that "Allen County Engineer has been dismissed as a Defendant in this matter," effectively dismissing the Engineer from the action; and, that, even had Kinstle not dismissed the Engineer, and even if the Engineer had failed to comply with his duties set forth in R.C. 5543.01(A)(1), he was immune pursuant to R.C. 2744.03, and Kinstle provided no evidence to invalidate immunity.
 {¶ 16} Next, the trial court made the following findings regarding the priority of liens on the property: that the first and best lien against the property *Page 10 
was due to the Treasurer in the amount of $32,717.55 for accrued taxes, assessments, penalties, and charges; that David Jenison d.b.a. Design Concepts possessed a lien against the property in the amount of $17,680, plus 1% interest from August 28, 1996; that R.J. Stone Development Group possessed a lien against the property in the amount of $38,981.45, with 10% interest from May 11, 2001; that Lane's Moving and Storage, Inc. possessed a lien against the property in the amount of $15,202, plus 4% interest from August 4, 2004; that S. Cohn Son had a lien against the property as a result of a replevin action; and, that David Jenison may have another interest in the property as a result of a civil tort action. The trial court declined to determine the priority of any of these liens. Finally, the trial court ordered that the property be "sold at Sheriff's sale and after the Court Costs and real estate taxes are paid from the sale proceeds, a hearing will be scheduled by the Court to determine further priority of payment to the above lien holders and possible judgment creditors." (Aug. 2008 Judgment Entry, p. 16).
 {¶ 17} It is from this judgment that Kinstle appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT ON SUMMARY JUDGMENT TO ALLOW SUPPLEMENTAL EVIDENCE TO BE INTRODUCED, POST HOC, BY THE MOVANT, THEN WEIGH THAT EVIDENCE AND GRANT JUDGMENT. *Page 11 
 Assignment of Error No. II IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT ON SUMMARY JUDGEMENT [SIC] TO NOT EXPLICITLTY [SIC] DETERMINE WHICH ADDITIONAL PARTIES HAD A LIEN ON THE LAND AS WELL AS THE PRIORITY OF THE PRIORITY OF [SIC] THE LIENS, IF ATTACHABLE.
 {¶ 18} Due to the nature of Kinstle's assignments of error, we elect to address them in reverse order.
 Assignment of Error No. II {¶ 19} In his second assignment of error, Kinstle argues that the trial court erred when, on summary judgment, it failed to determine which parties had a lien on the property, as well as the priority of any such liens. Specifically, Kinstle argues that the summary judgment order leaves issues unresolved including the circumstances surrounding the tax assessments, the unpaid tax amount, the ditch project, and the priority of liens, if any, should a foreclosure sale occur. Appellees respond that, as the trial court did not determine the validity or priority of the liens of all possible lienholders, the trial court's August 2008 judgment entry was not a final appealable order, and this Court should dismiss Kinstle's appeal for lack of jurisdiction.
 {¶ 20} We must first address whether the trial court's judgment entry was a final appealable order and Kinstle's appeal is properly before this Court.
 {¶ 21} R.C. 2505.02 governs final orders, providing that: *Page 12 
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
Additionally, the statute defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).
 {¶ 22} "[T]he general law in Ohio is that an order of foreclosure is immediately appealable." BCGS, L.L.C. v. Raab, 11th Dist. No. 98-L-041,1998 WL 552984. The Supreme Court of Ohio has twice stated that a judgment entry which orders a foreclosure sale and determines the amounts due to all claimants is a final appealable order. See ThirdNatl. Bank of Circleville v. Speakman (1985), 18 Ohio St.3d 119, 120, citing Oberlin Sav. Bank v. Fairchild (1963), 175 Ohio St. 311.
 {¶ 23} In Ohio Dept. of Taxation v. Plickert (1998),128 Ohio App.3d 445, the Eleventh Appellate District discussed the general proposition that an order of foreclosure is immediately appealable, citingSpeakman, supra; Fairchild, supra; Queen City S. L. Co. v. Foley
(1960), 170 Ohio St. 383; Shumay v. Lake Chateau, Inc., 9th Dist. Nos. 1013 1034, 1981 WL 3947; and, Durnbaugh v. Sutton, 2d Dist. Nos. 91 CA 14 90 CA 141, 1991 WL 249529. Although the *Page 13 
court found that these cases were "almost devoid of legal analysis," it concluded that:
 [The cases cited above] draw considerable support from common sense. A mistake in the foreclosure decree is more efficiently rectified by an immediate appeal. It would save the debtor a considerable amount of worry if the appeal is immediate, rather than making him wait until there is judgment confirming the sale of his property to some other person. It would save the purchaser from the uncertainty of an appeal from the judgment confirming his bid on the foreclosed property, during which time his downpayment on the purchase price is held in escrow. It would prevent the sheriff from wasting his resources on unnecessary sale proceedings. And it would save the court from wasting its time and energy minding the matter and reviewing and approving the final sale. * * * R.C. 2505.02 defines a final appealable order as, inter alia, one that determines the action and prevents a favorable judgment for the aggrieved party. The foreclosure decree determines the foreclosure action, and generally terminates the debtor's common-law right of equitable redemption.
Plickert, 128 Ohio App.3d at 446-447, citing Wayne S. L. Co. v.Young (1976), 49 Ohio App.2d 35.
 {¶ 24} In this Court's previous consideration of the matter sub judice in Eddy, supra, this Court vacated the trial court's grant of summary judgment and decree of foreclosure on the basis that genuine issues of material fact existed. One of the issues of material fact we enumerated was that priority and validity of lienholders had not been resolved. Notably, however, we did not dismiss the appeal for lack of a final appealable order, but instead remanded it on the basis that there werenumerous unresolved issues of material fact. See Id. at ¶ 27. In *Page 14 
discussing priority of lienholders and final appealable orders, this Court cited Centex Home Equity Co., L.L.C. v. Williams, 3d Dist. No. 6-06-07, 2007-Ohio-902, ¶ 17, as finding that:
 A number of appellate courts have determined that a judgment entry ordering a foreclosure sale is not a final and appealable order unless it resolves all of the issues involved in the foreclosure, including: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due to the various claimants. State ex rel. Montgomery v. Ohio Cast Products, 5th Dist. No. 1999CA00394, 2000 WL 874685; BCGS, L.L.C. v. Raab, 11th Dist. No. 98-L041, 1998 WL 552984; Gaul v. Leeper, 8th Dist. No. 63222, 1993 WL 266818; Alpine Terrace Condominium Unit Ass'n, Inc. v. Volz, 1st Dist. No. C-910852, 1992 WL 321061.
 {¶ 25} However, as clarification, we dismissed Centex for lack of a final appealable order because it was an appeal from the trial court's denial of a motion for summary judgment. As such, it did not meet the requirements of a final appealable order under any subsection of R.C. 2505.02. See Centex at ¶¶ 14-16. Our notation that other courts have held that lien priority must be resolved in a judgment entry ordering a foreclosure sale was merely an observation of case law in other jurisdictions and was not part of our holding.
 {¶ 26} Further, the cases cited in this portion of Centex are all distinguishable from the case at hand in that all were dismissed for lack of a final appealable order on multiple bases. In BCGS, supra, the Eleventh Appellate District determined that no final appealable order was present where the judgment *Page 15 
entry merely ruled that a party had a valid lien on the property and was entitled to a future order of foreclosure. That judgment entry did not order a sale, marshal liens, determine lien priority, or list the amounts due to various claimants. Thus, lack of lien priority determination was one factor among many. Similarly, in Gaul, supra, the Eighth Appellate District determined that no final appealable order was present where the judgment entry did not order a sale, did not dispose of claims against one party, did not determine lien priority, and deferred final judgment pending a party's submission of certain pleadings. Additionally, in Alpine Terrace, supra, the First Appellate District found that no final appealable order was present where the judgment entry did not adjudicate several claims, did not determine the rights and liabilities of several parties, did not determine lien priority, and stated that the decree and order of sale would be entered at a later date. Accordingly, each of these cases, BCGS, Gaul, andAlpine Terrace, failed to include an order of sale, which by itself prevented each order from being a final appealable order. Finally,Montgomery, supra, is not a foreclosure case, but an appeal from a trial court's denial of a motion for an order vacating a certificate of judgment lien. Further, Montgomery relies upon BCGS and Gaul, which are distinguishable from the case at hand.
 {¶ 27} Here, we find that the trial court's judgment entry constituted a final appealable order, as it affected Kinstle's substantial rights. If we were to dismiss *Page 16 
this appeal, the Sheriff would presumably carry out the trial court's order of sale, and Kinstle would have no practical recourse. We therefore hold that a debtor/property owner has an immediate right of appeal from a decree in foreclosure which includes an order of sale of the debtor's property. Accordingly, this Court has jurisdiction to address the merits of Kinstle's appeal, and we move on to Kinstle's argument that the trial court erred in granting summary judgment to the Commissioners and the Engineer.
 {¶ 28} An appellate court reviews a summary judgment order de novo.Hillyer v. State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172,175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc. v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596,2002-Ohio-3932, ¶ 25, citing State ex rel. Cassels v. Dayton City SchoolDist. Bd. of Ed., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ. R. 56(C);Horton v. Harwick Chemical Corp., 73 Ohio St.3d 679, 686-687,1995-Ohio-286. If any doubts exist, *Page 17 
the issue must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-59, 1992-Ohio-95.
 {¶ 29} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support its argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ. R. 56(E).
 {¶ 30} Kinstle argues that the summary judgment order leaves material issues unresolved, including the circumstances surrounding the tax assessments, the unpaid tax amount, the ditch project, and the priority of liens, if any, should a foreclosure sale occur. However, the trial court determined that the Commissioners and the Engineer were entitled to summary judgment as a matter of law because Kinstle was the true owner of the real estate in question and the current deed to the real estate was in his name; that Kinstle had not paid taxes on the property since December 12, 2000; that, even if Kinstle failed to receive his tax bill because he frequently changed his mailing address, this was not an affirmative defense to an action in foreclosure under R.C. 323.13; that Kinstle's *Page 18 
alleged failure to receive assessment information did not cause him to be unable to defend or appeal the assessments, as he was present at the relevant Commissioners' meetings and took no action to protest or appeal the assessments within the time allowed by the statute of limitations; that the Commissioners had no duty to supervise the ditch project; and, that Kinstle had dismissed the Engineer from the action. Thus, the trial court's summary judgment resolved the issues surrounding the tax assessments, the unpaid tax amount, and the ditch project.
 {¶ 31} Regarding the priority of liens, the trial court's grant of summary judgment determined that the Treasurer's lien in the amount of $32,717.55 was the best and first lien on the property. We find that the priority of the other lienholders, although still unresolved, is not amaterial issue preventing summary judgment in the Commissioners' and Engineer's favor. See Lexie v. Ohio Edison Co. (2000),140 Ohio App.3d 578, 582, citing Turner v. Turner (1993), 67 Ohio St.3d 337 (stating that "[m]aterial facts are those facts that might affect the outcome of the suit under the governing law of the case). Here, the delay of priority determination for the remaining lienholders until after the sale does not prejudice any of the parties or affect the outcome of this suit. Thus, there are no genuine issues of material fact, and the trial court did not err in granting summary judgment to the Commissioners and the Engineer.
 {¶ 32} Accordingly, we overrule Kinstle's second assignment of error. *Page 19 
 Assignment of Error No. I {¶ 33} In his first assignment of error, Kinstle argues that the trial court erred when it allowed supplemental evidence to be introduced, post hoc, by the Commissioners and the Engineer, and then weighed that evidence in its grant of summary judgment. Specifically, Kinstle argues that the trial court could not consider Degen's September 2007 affidavit, attached to Appellees' reply to his memorandum in opposition to Appellees' motion for summary judgment. We disagree.
 {¶ 34} Civ. R. 56 discusses summary judgment procedure and provides, in pertinent part:
 A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. * * *
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, *Page 20 that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 35} Additionally, while Civ. R. 56(C) does not specifically provide for it, "common practice allows a movant for summary judgment to reply to a memorandum in opposition filed by the nonmovant." P O Containers,Ltd. v. Jamelco, Inc. (1994), 94 Ohio App.3d 726, 731. See, also,Dunfee v. Midwestern Indemn. Co. (1990), 70 Ohio App.3d 301, 304.
 {¶ 36} Degen's September 2007 affidavit rebutted Kinstle's claims that the Engineer agreed to perform all improvements of the ditch at the county's expense; that Kinstle had no opportunity to appeal the dismissal of his petition for ditch construction; and, that the water flow problems on the property were due to installation of the culvert. The affidavit raised no new grounds for summary judgment other than those raised in Appellees' initial motion for summary judgment — that Kinstle failed to pay his taxes. We find that Degen's September 2007 affidavit was properly included with Appellees' reply, and the trial court did not err in considering it. Furthermore, Kinstle had ample opportunity to respond to the contents of the affidavit prior to the trial court's decisions on the motions.
 {¶ 37} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI and SHAW, J.J., concur.
[1] Jim Link succeeded Eddy as Treasurer during the course of these proceedings and was substituted as the proper party pursuant to Civ. R. 25(D)(1). *Page 1