DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Defendant-Appellant Albert Hoelscher has appealed from the decision of the Medina County Court of Common Pleas that convicted him of possession of drugs. This Court dismisses the appeal.
 I {¶ 2} On July 8, 2004, Defendant-Appellant Albert Hoelscher was indicted on one count of possession of drugs, in violation of R.C. 2925.11(A)/(C)(1)(a), a felony of the fifth degree. Appellant waived reading of the indictment and entered a "not guilty" plea to the sole charge. On August 18, 2004, Appellant filed a motion for treatment in lieu of conviction and the trial court set a hearing to discuss the matter. After hearing testimony and evidence on the issue, the trial court found that Appellant met the criteria listed in R.C. 2951.041 and was therefore eligible for treatment in lieu of conviction. Accordingly, the trial court granted Appellant's motion.
 {¶ 3} On October 8, 2004, Appellant appeared in the trial court and entered guilty pleas to two amended charges. He pled guilty to deception to obtain a dangerous drug, in violation of R.C. 2925.22(A), a felony of the fourth degree, and deception to obtain a dangerous drug, in violation of R.C. 2925.22(A), a felony of the fifth degree. The trial court accepted Appellant's guilty pleas, but did not enter a finding of guilt. As part of Appellant's treatment in lieu of conviction program he was to refrain from drug and alcohol use.
 {¶ 4} On November 10, 2004, a Medina County Probation Officer filed a community control sanction/violation of supervision complaint, asserting that Appellant tested positive for marijuana on October 13, 2004. Appellant subsequently appeared before the trial court and admitted violating the terms of his supervision. The trial court ordered Appellant to continue participating in the treatment program.
 {¶ 5} A second community control sanction/violation of supervision complaint was filed on January 11, 2005, asserting that Appellant tested positive for marijuana on December 14, 2004. Appellant denied violating the terms of his supervision and he filed a motion requesting an independent lab test the December 14, 2004 sample because he believed it to be a false positive. The trial court denied said motion because confirmation testing was previously conducted.
 {¶ 6} Appellant appeared before the trial court and denied the probation officer's complaint. During a hearing on the violation, Appellant made an oral motion to dismiss the complaint alleging that the lab testing did not comply with relevant statutes. Appellant later filed a written motion and memorandum of law supporting his motion.
 {¶ 7} On July 9, 2005, the trial court found that Appellant violated the terms of his supervision. The trial court found him guilty of possession of drugs, in violation of R.C.2925.11(A)/(C)(1)(a), a felony of the fifth degree. Appellant was sentenced to two years under the supervision of the Medina Probation Department.
 {¶ 8} Appellant has appealed his conviction, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS THE PROBATION VIOLATION, BY FINDING THAT APPELLANT VIOLATED THE TERMS AND CONDITIONS OF HIS INTERVENTION IN LIEU OF CONVICTION PLAN, AND BY FINDING APPELLANT GUILTY OF THE FELONY POSSESSION OF DRUGS OFFENSE, WHERE THE COUNTY PROBATION DEPARTMENT AND THE OUT-OF-STATE PRIVATE LABORATORY FAILED TO COMPLY WITH THE OHIO STATUTORY REQUIREMENTS FOR RANDOM DRUG TESTING."
 {¶ 9} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to dismiss the violation of supervision complaint against him and that the trial court further erred by finding him guilty of said violation. We find that we lack jurisdiction to hear the instant appeal.[1]
 {¶ 10} This Court is required to raise jurisdictional issues involving final appealable orders sua sponte. See In re Murray
(1990), 52 Ohio St.3d 155, 160, at fn. 2. We have previously held that where a trial court's order fails to impose sentence for each charge, that order is merely interlocutory. State v. Hayes
(May 24, 2000), 9th Dist. No. 99CA007416, at 3. Specifically, the trial court has a mandatory duty "to deal with each and every charge prosecuted against a defendant." (Quotations and alterations omitted). Id. When a record lacks a judgment entry of conviction and sentence in compliance with Crim.R. 32(C), no final appealable order exists pursuant to R.C. 2505.02. SeeMaple Heights v. Pinkney, 8th Dist. No. 81514, 2003-Ohio-3941, at ¶ 1.
 {¶ 11} A review of the record indicates that Appellant pled guilty to two charges of deception to obtain a dangerous drug in violation of R.C. 2925.22(A). However, the record does not contain a disposition of those pleas, either by dismissal or sentencing. Rather, the record contains a guilty finding and sentence for possession of drugs in violation of R.C.2925.11(A)/(C)(1)(a). Accordingly, Appellant's two guilty pleas are still pending before the trial court on this matter. Based on the foregoing case law, the trial court's order convicting Appellant of possession of drugs and sentencing him accordingly is merely interlocutory. Due to the lack of disposition of Appellant's pleas to deception to obtain a dangerous drug, no final appealable order exists. Therefore, this Court lacks jurisdiction to hear this matter.
 III {¶ 12} The instant appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Boyle, J., concur.
[1] Based on our lack of jurisdiction, this Court does not reach the issue of whether R.C. 5120.63 applies to Appellant.