OPINION *Page 2 
{¶ 1} Defendant-appellant, Roberta A. Moore (hereinafter "Moore"), appeals the judgment of the Union County Court of Common Pleas sentencing her to a sixty-month term of imprisonment for violating the terms of her community control. This court dismisses the appeal for lack of jurisdiction.
 {¶ 2} On August 15, 2006, Moore entered a plea of guilty to four counts of Deception to Obtain a Dangerous Drug in violation of R.C.2929.22(A), (B)(1), felonies of the fourth degree, and one count of Deception to Obtain a Dangerous Drug in violation of R.C. 2929.22(A), (B)(2), a felony of the fifth degree.
 {¶ 3} On August 15, 2006, the trial court sentenced Moore to three years community control. The trial court's sentencing entry indicates that Moore was advised that a violation of the terms of her community control would result in a prison term of sixty-six months.
 {¶ 4} On September 6, 2006, Moore admitted to violations of her community control. The trial court then sentenced Moore to a term of twelve months imprisonment for each of the five counts of Deception to Obtain a Dangerous Drug all to be served consecutively for a total term of sixty months imprisonment.
 {¶ 5} Moore now appeals the trial court's sixty-month community control violation sentence and asserts two assignments of error. *Page 3 
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AT APPELLANT'S COMMUNITY CONTROL VIOLATION HEARING WHEN THE COURT FAILED TO NOTIFY APPELLANT OF A SPECIFIC SENTENCE AT HER ORIGINAL SENTENCING HEARING.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A PRISON SENTENCE ON APPELLANT FOR HER FIRST COMMUNITY CONTROL VIOLATION.
 {¶ 6} In her first assignment of error, Moore argues that the trial court failed to properly notify her of the "specific" prison term that would be imposed upon her should she violate the terms of her community control, because the court merely notified her that it would impose the maximum penalty of sixty-six months. In her second assignment of error, Moore argues that the trial court abused its discretion when it failed to account for the mitigating factors surrounding her community control violation and failed to consider alternatives to the term of imprisonment imposed. Since this court lacks jurisdiction, we do not address the merits of Moore's arguments.
 {¶ 7} Appellate Courts only have jurisdiction over the final orders or judgments of trial courts within its district. Section (3)(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. This Court must raise jurisdictional issues sua sponte. In re Murray (1990),52 Ohio St.3d 155, 159, fn. 2, 556 N.E.2d 1169. "The necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional. Without a properly journalized judgment of conviction, this court has no power to hear this appeal." State v. Teague, 3d. Dist. No. *Page 4 
9-01-25, 2001-Ohio-2286, at *1. See also, Maple Heights v. Pinkney, 8th Dist. No. 81514, 2003-Ohio-3941, ¶ 1. "[W]here a trial court's order fails to impose a sentence for each charge, that order is merely interlocutory." State v. Hoelscher, 9th Dist. No. 05CA0085-M,2006-Ohio-3531, ¶ 10 (citations omitted). See also, State v. Brown
(1989), 59 Ohio App.3d 1, 2, 569 N.E. 2d 1068; State v. Taylor (May 26, 1995), 4th Dist. No. 94 CA 585, at *3; State v. Huntsman (March 13, 2000), 5th Dist. No. 1999-CA-00282, at *1; State v. Waters, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 16.
 {¶ 8} This court addressed the implications of Crim.R. 32(C) upon its jurisdiction in State v. Teague, 2001-Ohio-2286. Appellant Teague was indicted on two counts of drug trafficking in violation of R.C.2925.03(A)(C)(4). On February 13, 2001, the jury returned guilty verdicts on both charges. Id. at *1. On February 14, 2001, the trial court issued a document entitled "Orders of the Court," which, in part, stated: "Defendant found guilty to original indictment." Id. Teague was sentenced on April 4, 2001 to a mandatory term of six years on each count, to be served concurrently. Id.
 {¶ 9} Teague subsequently appealed his sentence to this court, but we dismissed the appeal for lack of jurisdiction, because the journal entry did not meet the requirements of Crim.R. 32(C). In reaching our decision, we stated:
 Whether it be a municipal, county, or common pleas court, the same basic procedural formalities must be followed in order to assure that the parties, particularly the defendant in a criminal case, are fully aware of the time from which the thirty-day limitation of App. R. 4(B) commences to run.
Id. We also outlined a list of formal requirements for any final journal entry of sentence, *Page 5 
which included:
 1. the case caption and number;
 2. a designation as a decision or judgment entry or both;
 3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;
 4. the judge's signature; and
 5. a time stamp indicating the filing of the judgment with the clerk for journalization.
Id. We further made clear that a failure to follow Crim.R. 32(C) formalities would result in the lack of a final appealable order. Id.
 {¶ 10} Other State Appellate Courts have further refined the third, or "clear pronouncement," Crim.R. 32(C) requirement above. For example, the Ninth District has explained that Crim.R. 32(C) imposes: "a mandatory duty [on the trial court] to deal with each and every charge prosecuted against a defendant," and "[t]he failure of a trial court to comply renders the judgment of the trial court substantively deficient * * *"State v. Hayes (May 24, 2000), 9th Dist. No. 99CA007416, at *1. TheHayes court concluded that a journal entry which did not dispose of the court's rulings as to each charge renders the order merely interlocutory. Id. (citations omitted). Several other Appellate Courts agree with this analysis and, today, we join them. State v. Pace (June 5, 1998), 1st Dist. No. C-970546, at *1; Taylor, 4th Dist. No. 94 CA 585, at *3; Huntsman, 5th Dist. No. 1999-CA-00282, at *1; State v. Yingling (December 30, 1993), 6th Dist. No. L-93-076, at *2; Waters, 2005-Ohio-5137, at ¶ 16; State v. Garner, 11th Dist. No. 2002-T-0025, 2003- *Page 6 
Ohio-5222, ¶ 7. See also, State v. Ginocchio (1987), 38 Ohio App.3d 105,526 N.E.2d 1366.
 {¶ 11} The facts of this case are, however, unique from the line of cases cited above, including Teague, because in those cases the jurisdictional dismissal occurred when the appellant challenged the sentence on direct appeal. However, in this case, Moore is challenging not the three-year community control sentence itself, but rather, alleges that she did not receive sufficient notice of the consequences of her community control violation at the time of sentencing. Nonetheless, we find that this distinction does not affect our jurisdictional analysis.
 {¶ 12} The Ninth District was faced with a case that was similar in procedural posture and, likewise, dismissed for lack of jurisdiction based on the prior journal entry of sentence. Hoelscher, 2006-Ohio-3531.
 {¶ 13} On October 8, 2004, Hoelscher pled guilty to two counts of deception to obtain a dangerous drug. The trial court, at that time, accepted Hoelscher's plea but failed to enter a finding of guilt. Id. at ¶ 3. Hoelscher was sentenced to community control, including drug treatment.
 {¶ 14} On November 10, 2004, a community control violation was filed against Hoelscher for drug use. Id. at ¶ 4. Hoelscher admitted to the violation, and the court ordered him to continue his treatment program. Id. On January 11, 2005, a second community violation was filed against Hoelscher, again for drug use. This time, Hoelscher denied the allegation and the matter proceeded to a hearing. Id. at ¶ 6. On July *Page 7 
9, 2005, the trial court found that Hoelscher violated the terms of his community control and sentenced him to two years. Id. at ¶ 7. Hoelscher then appealed his community control violation conviction.
 {¶ 15} On appeal, the Ninth District Court sua sponte dismissed for lack of jurisdiction finding that the first journal entry of sentence, dated October 8, 2004, was not a final appealable order since the trial court failed to enter a finding of guilt. Id. at ¶ 11. The Court reasoned that it was without jurisdiction to hear Hoelscher's subsequent community control violation appeal, because the journal entry of sentence on the underlying conviction was insufficient. Id.
 {¶ 16} Likewise, the record in this case indicates that the underlying sentencing entry is insufficient under Crim.R. 32(C). Prior to the community control violations at issue here, Moore pled guilty to five counts of Deception to Obtain a Dangerous Drug. The sentencing entry indicates that Moore pled guilty to the five counts, but fails to specify the sentence for each charge; rather, the journal entry merely states:
 Upon considerations of all the aforementioned factors, it is ORDERED AND ADJUDGED by the Court that the Defendant shall be sentenced as follows: Defendant is placed on three years of community control, subject to the following* * *
 {¶ 17} It is unclear from the sentencing entry to which count or counts the three years of community control applies. R.C. 2929.15 does not require that the sentencing court impose only a single term of community control for multiple violations. In addition, at least one court has found that multiple community control sanctions may be *Page 8 
imposed consecutively on a criminal defendant found guilty of multiple felony offenses. State v. Culgan, 147 Ohio. App.3d 19, 2001-Ohio-1944,768 N.E.2d 712, ¶ 28. But see, State v. Lehman (Feb. 4, 2000), 6th Dist. No. L-99-1140, at *1-2 (holding that community control sanctions for different offenses cannot be ordered to be served consecutively).
 {¶ 18} In light of the fact that a court might impose different community control sanctions for multiple felony offenses, the underlying sentencing entry fails to comport with Crim.R. 32(C). Since the sentencing entry on the underlying conviction fails to comport with Crim.R. 32(C), we are without jurisdiction to hear this case.Hayes, 9th Dist. No. 99-CA007416; Hoelscher, 2006-Ohio-3531. We, therefore, dismiss the appeal.
Appeal Dismissed.
 ROGERS, P.J., and SHAW, J., concur. *Page 1