OPINION *Page 2 
{¶ 1} Defendant-Appellant, Michael E. Goldsberry, appeals the judgment of the Union County Court of Common Pleas sentencing him to sixty months in prison. On appeal, Goldsberry argues that the trial court erred when it imposed a prison sentence at his second community control violation hearing. Finding that the trial court failed to sentence Goldsberry on each count of his conviction, we dismiss Goldsberry's appeal for lack of a final appealable order.
 {¶ 2} In January 2005, the Union County Grand Jury indicted Goldsberry for five counts of nonsupport of dependants in violation of R.C.2919.21(A)(2), felonies of the fifth degree, and five counts of nonsupport of dependants in violation of R.C. 2919.21(B), felonies of the fifth degree. Subsequently, Goldsberry entered a plea of not guilty as to all counts in the indictment.
 {¶ 3} In March 2005, Goldsberry withdrew his plea of not guilty and entered a plea of guilty as to all counts in the indictment. The trial court accepted Goldsberry's guilty plea, convicted him, and sentenced him to three years of community control, stating that:
 The Court finds that [Goldsberry] has been convicted of: Five counts of Nonsupport of Dependants in violation of Ohio Revised Code Section 2919.21(A)(2), and Five counts of Nonsupport of Dependants in violation of ORC 2919.21(B), each a felony of the fifth degree.
 It is therefore ORDERED: [Goldsberry] be and hereby is placed on 3 years of Community Control[.] * * * *Page 3 
(March 2005 Journal Entry, p. 1).
 {¶ 4} In November 2005, the trial court held a community control violation hearing and found that Goldsberry had violated the terms of his community control. The trial court then ordered Goldsberry to complete an additional one-hundred hours of community service, stating that "[t] he Defendant is advised that if he violates any of the terms or conditions of community control, the Court may impose a more restrictive community control or the Defendant will be sent to prison for one hundred twenty (120) months." (November 2005 Journal Entry, pp. 1-2).
 {¶ 5} In January 2007, the trial court held a second community control violation hearing and found that Goldsberry had again violated the terms of his community control. The trial court then sentenced Goldsberry to a six month prison term on each conviction of nonsupport of dependants to be served consecutively for a total of sixty months.
 {¶ 6} It is from this judgment that Goldsberry appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AT APPELLANT'S SECOND PROBATION VIOLATION HEARING WHEN THE COURT FAILED TO NOTIFY APPELLANT OF A SPECIFIC SENTENCE AT BOTH HIS ORIGINAL SENTENCING HEARING AND AT HIS FIRST PROBATION VIOLATION HEARING.
 {¶ 7} In his sole assignment of error, Goldsberry argues that the trial court erred when it imposed a prison sentence at his second community control violation hearing *Page 4 
because it failed to notify him of a specific sentence at both his original sentencing hearing and at his first community control violation hearing. Specifically, Goldsberry asserts that the trial court could not impose a prison sentence on him if it did not previously advise him of a specific prison term that it would impose upon violation of the terms of community control. Because this Court lacks jurisdiction, we do not address the merits of Goldsberry's argument.
 {¶ 8} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. 32(C). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88;Centex Home Equity Co., L.L.C v. Williams, 3d Dist. No. 6-06-07,2007-Ohio-902, ¶ 12. Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. Chef Italiano Corp., 44 Ohio St.3d at 87. In criminal cases, "`[t] he necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional. Without a properly journalized judgment of conviction, this court has no power to hear this appeal.'" State v. Moore, 3d Dist. No. 14-06-53, 2007-Ohio-4941, ¶ 7, quoting State v. Teague, 3d Dist. No. 9-01-25, 2001-Ohio-2286; see alsoMaple Heights v. Pinkney, 8th Dist. No. 81514, 2003-Ohio-3941, ¶ 1. *Page 5 
 {¶ 9} In a case factually similar to Goldsberry's, this Court recently addressed the effect of noncompliance with Crim.R. 32(C) on jurisdiction and found "[t] hat a journal entry which did not dispose of the court's rulings as to each charge renders the order merely interlocutory."Moore, 2007-Ohio-4941, at ¶ 10, citing State v. Hayes (May 24, 2000), 9th Dist. No. 99CA007416. See also State v. Pace (June 5, 1998), 1st Dist. No. C-970546; State v. Taylor (May 26, 1995), 4th Dist. No. 94 CA 585; State v. Huntsman (March 13, 2000), 5th Dist. No. 1999-CA-00282;State v. Yingling (December 30, 1993), 6th Dist. No. L-93-076; State v.Waters, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 16; State v. Garner, 11th Dist. No. 2002-T-0025, 2003-Ohio-5222, ¶ 7.
 {¶ 10} In Moore, supra, a defendant pled guilty to five counts of deception to obtain a dangerous drug and the trial court imposed a lump sentence of three years of community control. However, the journal entry of sentence did not specify to which count or counts the three year community control sentence applied. On appeal, the defendant asserted that she had not been properly notified of a specific prison term that would be imposed upon a community control violation. This Court dismissed the appeal, finding that the journal entry of sentence did not comply with Crim.R. 32(C). Id., at ¶ 18. See also State v.Hoelscher, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, ¶ 10.
 {¶ 11} Here, Goldsberry initially pled guilty to and was convicted of five counts of nonsupport of dependants in violation of R.C.2919.21(A)(2) and five counts of nonsupport of dependants in violation of R.C. 2919.21(B). Instead of sentencing *Page 6 
Goldsberry on each count of the conviction, the trial court sentenced Goldsberry to a lump sum of three years of community control. As inMoore, the journal entry of sentence did not specify to which count or counts the sentence applied, and, therefore, does not comply with Crim.R. 32(C). Consequently, pursuant to our decision in Moore, we must dismiss Goldsberry's appeal for lack of jurisdiction.
Appeal Dismissed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1