{¶ 1} Defendant-Appellant, Charles Ray South, appeals the judgment of the Union County Court of Common Pleas sentencing him to an eighty-four month prison term. On appeal, South argues that the trial court erred because it revoked his community control, failed to conduct a hearing to determine his ability to pay child support, and sentenced him to maximum, consecutive prison terms. Finding that the trial court failed to sentence South to community control on each count of his conviction, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} In November 2006, the Union County Grand Jury indicted South for seven counts of nonsupport of dependents in violation of R.C.2919.21(B), felonies of the fifth degree. Subsequently, South entered a plea of not guilty as to all counts in the indictment.
 {¶ 3} In February 2007, South withdrew his plea of not guilty and entered a plea of guilty as to all counts in the indictment.
 {¶ 4} In March 2007, the trial court accepted South's guilty plea, convicted him, and sentenced him to three years of community control stating that:
 The Court finds that [South] has been convicted of: Seven Counts, each of Non-support of Dependents, in violation of Ohio Revised Code Section 2919.21(B), each a felony of the fifth degree.
 * * *
 If [South] violates the terms and conditions of Community Control, the same conditions may be re-imposed, a greater *Page 3 continuum of sanctions may be imposed, or [South] will be sentenced to a maximum total term of imprisonment of 84 months.
 IT IS HEREBY ORDERED that [South] be placed on three years of community control[.] * * *
(March 2007 Journal Entry, pp. 1-2). Further, the trial court ordered South to pay $15,772.24 in child support arrearages.
 {¶ 5} In September 2007, the trial court held a community control violation hearing and found that South had violated the terms of his community control. The trial court then sentenced South to a twelve-month prison term on each conviction of nonsupport of dependents, to be served consecutively, for a total of eighty-four months.
 {¶ 6} It is from this judgment that South appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED WHEN IT IMPOSED MAXIMUM, CONSECUTIVE PRISON SENTENCES.
 Assignment of Error No. II THE TRIAL COURT'S DECISION TO REVOKE APPELLANT'S COMMUNITY CONTROL WAS AN ABUSE OF DISCRETION.
 Assignment of Error No. III THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE WHETHER DEFENDANT WILLFULLY FAILED TO VIOLATE [SIC] THE TERMS OF HIS *Page 4 COMMUNITY CONTROL BY NOT CONDUCTING A HEARING TO DETERMINE IF HE HAD AN ABILITY TO PAY HIS CHILD SUPPORT BEFORE REVOKING HIS COMMUNITY CONTROL.
 {¶ 7} Before addressing the merits of South's assignments of error, we must first determine whether jurisdiction exists to hear this appeal. Courts of appeal are required to sua sponte raise jurisdictional issues involving final appealable orders. In re Murray (1990),52 Ohio St.3d 155, 159, fn. 2, citing Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 8} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. 32(C).State v. Moore, 3d Dist. No. 14-06-53, 2007-Ohio-4941, ¶ 9; ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88;Centex Home Equity Co., L.L.C. v. Williams, 3d Dist. No. 6-06-07,2007-Ohio-902, ¶ 12. In criminal cases, "`[t]he necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional. Without a properly journalized judgment of conviction, this court has no power to hear this appeal.'" Moore, 2007-Ohio-4941, at ¶ 7, quoting State v. Teague, 3d Dist. No. 9-01-25, 2001-Ohio-2286; see, also, Maple Heights v. Pinkney, 8th Dist. No. 81514, 2003-Ohio-3941, ¶ 1. *Page 5 
 {¶ 9} In a case factually similar to South's, this Court addressed the effect of noncompliance with Crim.R. 32(C) on jurisdiction and found "[t]hat a journal entry which did not dispose of the court's rulings as to each charge renders the order merely interlocutory." Moore,2007-Ohio-4941, at ¶ 10, citing State v. Hayes (2000), 9th Dist. No. 99CA007416, 2000 WL 670672; see, also, State v. Goldsberry, 3d Dist. No. 14-07-06, 2007-Ohio-5493. Accordingly, where a trial court imposes a lump sentence of community control, but does not specify to which count or counts the sentence applies, the journal entry of sentence does not comply with Crim.R. 32(C) and is not a final appealable order.Moore, 2007-Ohio-4941, at ¶ 18; see, also, State v. Hoelscher, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, ¶ 10.
 {¶ 10} Here, South initially pled guilty to and was convicted of seven counts of nonsupport of dependents. Instead of sentencing South to community control on each count of the conviction, the trial court sentenced South to a lump sum of three years of community control. As inMoore, the journal entry of sentence did not specify to which count or counts the sentence applied, and, therefore, does not comply with Crim.R. 32(C). Consequently, pursuant to our decision in Moore, we must dismiss South's appeal for lack of jurisdiction.
Appeal Dismissed.
 SHAW, P.J., and WILLAMOWSKI, J., concur. *Page 1