OPINION
{¶ 1} Defendant-appellant, Roberta A. Moore (hereinafter "Moore"), appeals the Union County Court of Common Pleas decision to revoke her community control and impose its reserved sentence of sixty (60) months imprisonment. For the reasons that follow, we affirm.
 {¶ 2} On April 26, 2006, Moore was indicted on four (4) counts of Deception to Obtain a Dangerous Drug in violation of R.C. 2925.22(A), (B)(1), fourth degree felonies, and one (1) count of Deception to Obtain a Dangerous Drug in violation of R.C. 2925.22(A), (B)(2), a fifth degree felony. (Doc. No. 1).
 {¶ 3} On May 22, 2006, Moore was arraigned and entered a plea of not guilty. (Doc. No. 9). On July 13, 2006, [1] Moore withdrew her previously tendered plea of not guilty and entered a plea of guilty to all counts. (Doc. No. 25). The matter was then referred for a presentence investigation. (Id.).
 {¶ 4} On August 15, 2006, the trial court held a sentencing hearing, and on August 16, 2006, the journal entry of sentence was filed sentencing Moore to a lump sum of three (3) years community control. (Doc. No. 31). The journal entry stated that if Moore violated the terms and conditions of her community control the court would sentence her to sixty-six (66) months imprisonment. (Id.). *Page 3 
 {¶ 5} On September 6, 2006, Moore was charged with violating the terms and conditions of her community control by smoking crack cocaine. (Doc. No. 37). A violation hearing was held that same day, and Moore admitted to the violation. (Doc. No. 44). The trial court revoked Moore's community control and sentenced her to sixty (60) months imprisonment. (Id.).
 {¶ 6} On November 2, 2006, Moore filed a notice of appeal and motion for leave to file an appeal, which this Court granted. (Doc. No. 52). On September 24, 2007, however, this Court dismissed Moore's appeal for lack of a final appealable order. State v. Moore, 3d Dist. No. 14-06-53,2007-Ohio-4941.
 {¶ 7} On June 12, 2008, the trial court resentenced Moore, again, to three (3) years community control "on each of the offenses." (Doc. No. 75). The trial court further ordered that Moore be assessed for entry into the West Central Community Based Corrections Facility ("CBCF") program. The trial court, again, informed Moore that if she violated the terms and conditions of her community control it would sentence her to sixty (60) months imprisonment. (Id.). The trial court further advised Moore that her failure to complete the CBCF program would be considered a violation of her community control. (Id.).
 {¶ 8} On August 25, 2008, a notice of alleged community control violation was filed with the trial court alleging that Moore failed to complete the CBCF program. (Doc. No. 87). On September 10, 2008, a hearing was held on the *Page 4 
alleged violation, and Moore admitted the violation. (Doc. Nos. 89, 94). The trial court revoked Moore's community control and imposed sixty (60) months imprisonment, with seven hundred forty nine (749) days credit for time served. (Doc. No. 94).
 {¶ 9} On October 3, 2008, Moore filed this present appeal raising one assignment of error for our review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND APPELLANT VIOLATED THE TERMS OF HER COMMUNITY CONTROL WHEN THE EVIDENCE PRESENTED INDICATED THAT APPELLANT'S ALLEGED VIOLATION WAS BEYOND HER CONTROL, THEREFORE IT WAS NOT WILLFUL, AND THE COURT SHOULD NOT HAVE REVOKED THE COMMUNITY CONTROL AND IMPOSED THE PRISON SENTENCE.
 {¶ 10} Moore argues that the trial court abused its discretion in revoking her community control because her failure to complete the CBCF program was beyond her control. Specifically, Moore argues that CBCF's policy prevented her from taking her prescription medications, and, for that reason, CBCF determined she would not be eligible to participate in the program. Moore argues that the trial court failed to consider these mitigating facts before it revoked her community control.
 {¶ 11} The State, on the other hand, argues that the trial court properly informed Moore of the sentence she would receive should she violate her *Page 5 
community control. The State also argues that the trial court did not abuse its discretion by revoking Moore's community control for her second violation. We agree with the State that the trial court did not abuse its discretion.
 {¶ 12} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." State v. Williams, 5th Dist. Nos. 2006CA00351, 2006CA00352, 2007-Ohio-6799, ¶ 6, citing State v.Schlecht, 2nd Dist. No. 2003-CA-3, 2003-Ohio-5336. Consequently, "an appellate court will not reverse the trial court's decision to revoke community control absent an abuse of discretion." Id. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 13} At the community control violation hearing, the following discussion took place:
 THE COURT: Okay. This is case number 06-CR-0066, State of Ohio versus Roberta A. Moore. And it's coming on for a hearing on alleged probation violation in that you failed to complete the assessment as ordered for entry into the West Central program. That's the allegation. Does your client admit or deny that?
 MR. VALENTINE: Your Honor, she would admit that she failed to complete the assessment. But there are several mitigating factors that she wants the court to understand and be aware of.
 THE COURT: All right.
 MR. VALENTINE: Would you like me to proceed with that? *Page 6 
 THE COURT: Yeah. I'd like to know what the mitigating factors are.
 MR. VALENTINE: Your Honor, in talking to Kim Wilson at the CBCF and also my client, it appears that originally she was sent to Tri-County Jail as is the usual policy. Taken off her medication there. Appeared to be doing well and did not seem to be a problem once her being off the medications. However, once she did report to CBCF and was taken off of all medications at that point, she began to experience problems. Miss Wilson said it became problems with her behavior as a result of not being on her prescribed medications. And as a result, became difficult for her to actually participate in the program. And that's why the program eventually came to the conclusion that she would not be able to complete the program without the medications, which she's not allowed to be on while she's there, and sent her back to the Tri-County Jail and contacted her probation officer. That's why we're here today. It's not that she's refusing to do the program. She'd like to do the program. Unfortunately, when she's not on her prescribed medications, she loses control of her own actions.
 * * *
 THE COURT: * * * Ms. Moore, anything further at this time? Anything by way of mitigation?
 * * *
 DEFENDANT: See, your Honor, I do have a place to go and I have the community support and the meetings to attend, your Honor. I did want to do that program. I was in the middle of doing it and doing an activity when they took me out of the program. And I don't feel that I should be punished for not completing the program by going back to prison. I believe I deserve a chance to go — — to be released and work with the community and become a public citizen to accomplish more in life. And the community has also [sic] I can live with my mother or the community also Penny said that they had a referral for me for community housing. So I'd be right there in the community where I could do my AA. I got 500 hours of community service. I got plenty — plenty of stuff to do. I just need to change, you Honor.
 MR. HORD: Another note, your Honor. She also failed to ever report to Karen Haler for community service. *Page 7 
 THE COURT: Yeah. How much community service did you do?
 DEFENDANT: In prison I did 100 hours.
 THE COURT: No. I'm talking about after you were released.
 THE DEFENDANT: Well, ever since I was released May 27th I've been in the county jail, your Honor. I've never gone out — I've never been released from any incarceration.
 THE COURT: Uh-huh. Okay.
 DEFENDANT: I beg for a chance, your Honor.
(Sept. 10, 2008 Tr. at 3-4, 6-7).
 {¶ 14} Two things are evident from this dialogue. First, contrary to Moore's assertion, the trial court did allow her, both through counsel and pro se, to offer evidence in mitigation for her failure to comply with her community control conditions. Therefore, this argument is meritless. Second, Moore was not removed from community control for her failure to abstain from the prescription medications per se; rather, Moore was removed because she could not control her behavior without the medications, and her behavior made her participation in the program difficult. (Sept. 10, 2008 Tr. at 4).
 {¶ 15} Essentially, Moore is arguing on appeal that the trial court abused its discretion in revoking her community control because she could not comply with CBCF's drug policy. This argument is not persuasive for two reasons. First, Moore's behavior was not a problem when she was jailed without her prescription medications, but suddenly became a problem at CBCF. (Id.). Second, Moore was convicted on five counts of deception to obtain a dangerous drug, which involved *Page 8 
Moore securing and filling multiple prescriptions for pain medications. (Doc. Nos. 1, 14). It is perfectly reasonable for CBCF to have prohibited Moore from having and taking prescription medications in light of her convictions.
 {¶ 16} As a further matter noted by the State, Moore was informed that if she violated the terms and conditions of her community control, she would be sentenced to sixty (60) months imprisonment. (Doc. No. 75). In fact, the trial court specifically advised Moore that she "shall successfully complete the West Central CBCF program together with any aftercare required by West Central, and failure to do so will be considered a violation of Community Control." (Id.). Also as the State noted, this was not Moore's first community control violation. Moore previously violated community control in September 2006 and was sentenced to sixty (60) months imprisonment, which was the subject of her first appeal. (Doc. No. 37); State v. Moore, 3d Dist. No. 14-06-53,2007-Ohio-4941. Following our remand, Moore was released and given another chance to be on community control, but Moore failed to abide by the terms and conditions of her community control.
 {¶ 17} Under these circumstances and in light of Moore's original conviction, we are not persuaded that the trial court's imposition of sixty (60) months incarceration was an abuse of its discretion.
 {¶ 18} Moore's assignment of error is, therefore, overruled. *Page 9 
 {¶ 19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 WILLAMOWSKI, J., concurs.
[1] We note that in our prior opinion, State v. Moore, 3d Dist. No. 14-06-53, 2007-Ohio-4941, we mistakenly stated that Moore entered her guilty plea on August 15, 2006. That date, however, was the date of the sentencing hearing, not the date Moore changed her plea.