[Cite as *State v. Williams*, 2011-Ohio-995.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,                                    CASE NO. 5-10-02

    PLAINTIFF-APPELLEE,

v.

CHRISTOPHER M. WILLIAMS,                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2008-CRB-0255

Judgment Reversed and Cause Remanded

Date of Decision:  March 7, 2011

APPEARANCES:

    *Deborah Kovac Rump* for Appellant

    *Drew Wortman* for Appellee

**ROGERS, P.J.**

{¶1} Defendant-Appellant, Christopher Williams, appeals from the judgment of the Court of Common Pleas of Hancock County revoking his community control and imposing a twenty-eight-month prison term. On appeal, Williams argues that the trial court erred in revoking his community control, in imposing a twenty-eight-month prison term that was greater than that of his accomplices, and in failing to grant him jail-time credit for the thirty days he spent on electronic home monitoring while on community control. Based on the following, we reverse the judgment of the trial court and remand for resentencing.

{¶2} In October 2008, the Hancock County Grand Jury indicted Williams on three counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree; one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree; and, one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree. The indictment arose from multiple incidents during which Williams and several other accomplices entered multiple churches and stole various items. Subsequently, Williams entered a not guilty plea to all counts in the indictment.

{¶3} In March 2009, Williams withdrew his not guilty pleas to all counts in the indictment and entered guilty pleas to all counts. In May 2009, the case

proceeded to sentencing, at which the trial court imposed one lump five-year term of community control and reserved a twenty-eight-month prison term.

{¶4} In August 2009, the trial court filed an "Order to Execute Deferred Community Control Sanction," stating that Williams failed to abide by the condition of his community control mandating that he not possess, sell, distribute, use, or have in his residence or automobile any controlled substance, or be in the company of any person in possession of a controlled substance. The trial court then ordered that he serve a ten-day term of electronic monitoring.

{¶5} In December 2009, a notice of community control violations was filed, stating that Williams failed to notify his probation officer of his change of residence; that he failed to report to his probation officer as instructed; that he failed to abide by his curfew; that he was not complying with substance treatment requirements; and, that he used a controlled substance.

{¶6} Subsequently, a hearing on the community control violations was held, at which Williams admitted to the violation. The trial court then found Williams in violation of the terms of his community control, revoked his community control, and imposed an eleven-month prison term on each count of breaking and entering and the receiving stolen property counts, and imposed a seventeen-month prison term on the safecracking count, with the eleven-month

prison terms to be served concurrently with each other, and consecutively to the seventeen-month prison term, for a total prison term of twenty-eight months.

{¶7} It is from the trial court's revocation of his community control and imposition of a twenty-eight-month prison term that Williams appeals, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**WILLIAMS COOPERATED WITH AUTHORITIES, AND HE WAS NOT A LEADER OR ORGANIZER OF THE THEFT RING, YET THE TRIAL COURT IMPOSED A SENTENCE THAT WAS SIGNIFICANTLY GREATER THAN HIS CO-DEFENDANTS. THE TRIAL COURT ABUSED ITS DISCRETION BY DOING THIS.**

*Assignment of Error No. II*

**THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING WILLIAMS' COMMUNITY CONTROL AND BY IMPOSING THE ENTIRE SENTENCE.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED BY NOT GIVING WILLIAMS 30 DAYS CREDIT FOR THE TIME HE SPENT ON ELECTRONIC HOME MONITORING WHILE ON COMMUNITY CONTROL.**

{¶8} Due to the nature of Williams' arguments, we elect to address his second assignment of error first.

*Assignment of Error No. II*

**{¶9}** In his second assignment of error, Williams argues that the trial court abused its discretion by revoking his community control and imposing a twenty-eight-month prison term. Specifically, he contends that the trial court should not have imposed such a harsh sentence where his community control violations were minor, and that the trial court was not fair and objective in sentencing him.

**{¶10}** Before addressing Williams' assignments of error, we would usually first determine whether jurisdiction exists to hear this appeal.

**{¶11}** Appellate jurisdiction is limited to review of the lower court's final judgment. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Crim.R. 32(C). *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88; *State v. Teague,* 3d Dist. No. 9-01-25, 2001-Ohio-2286. Additionally, the issue of whether a judgment is a final appealable order is a jurisdictional question, which an appellate court may raise sua sponte. *Chef Italiano Corp.,* 44 Ohio St.3d at 87.

**{¶12}** In a criminal case, "'[t]he necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional. Without a properly journalized judgment of conviction, this court has no power to hear [an] appeal.'" *State v. Moore,* 3d Dist. No. 14-06-53, 2007-Ohio-4941, ¶7, quoting *Teague,* 2001-Ohio-

2286. Where a trial court fails to impose a sentence on each count of a conviction, the order is merely interlocutory. Id., citing *State v. Hoelscher,* 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, ¶10; *State v. Waters,* 8th Dist. No. 85691, 2005-Ohio-5137, ¶16; *State v. Taylor,* 4th Dist. No. 94 CA 585, 1995 WL 329581; *State v. Brown* (1989), 59 Ohio App.3d 1, 2. Specifically, a trial court's failure to impose a term of community control on each conviction violates Crim.R. 32(C) and renders the appellate court without jurisdiction to decide the case. Id. at ¶¶17-18.

{¶13} Here, in March 2009, Williams pled guilty to five separate counts, to wit: three counts of breaking and entering, one count of safecracking, and one count of receiving stolen property. In May 2009, the trial court imposed *one* lump five-year term of community control without specifying a specific community control sentence for each of the five counts of which Williams was convicted. Although Williams subsequently admitted to a community control violation and the trial court imposed a twenty-eight-month prison term, it does not negate the trial court's original sentencing error in May 2009 of imposing one term of community control for all five counts of which Williams was convicted, and failing to sentence separately on each count.

{¶14} Our preference would be to treat the original sentencing as contrary to law and not a final order, thereby depriving this Court of jurisdiction, because

the trial court did not properly impose community control, meaning that it cannot now revoke community control. However, where we previously found that there was no final order in a similar case, the Supreme Court of Ohio reversed our decision and required this Court to rule on the merits of the appeal. See *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2007-Ohio-5493 (*Goldsberry I*), reversed by *State v. Goldsberry*, 120 Ohio St.3d 275, 2008-Ohio-6103 (*Goldsberry II*).

{¶15} In *Goldsberry II*, the Supreme Court of Ohio issued its reversal without opinion, without comment on the original sentence, and without instruction. It is this author's opinion that the Supreme Court was concerned that the defendant was imprisoned and in need of review of the trial court's orders. On remand, this Court then affirmed the sentence imposed by the trial court. See *State v. Goldsberry*, 3d Dist. No. 14-07-06, 2009-Ohio-6026 (Rogers, J., dissenting) (*Goldsberry III*).

{¶16} Due to the Supreme Court's reversal of *Goldsberry I*, we are now compelled to consider the current order of the trial court. Accordingly, we find it necessary to reiterate the reasoning behind our conclusion in *Goldsberry I* that a trial court must separately dispose of each count of which a defendant is convicted.

{¶17} In 1995, the General Assembly enacted Senate Bill 2 (effective July 1, 1996), which eliminated felony probation and modified the procedure by which

trial courts impose sentences for felony offenses. See *State v. Wolfe*, 5th Dist. No. 2008-CA-00064, 2009 Ohio 830, ¶¶15-16, citing Griffin & Katz, Ohio Felony Sentencing Law (1998 Ed.) 394-396, Section S.2-T5.4. Prior to the effective date of Senate Bill 2, a trial court would sentence an offender to specific terms of imprisonment on each individual count of which the offender was convicted. If the trial court deemed probation appropriate for the offender, it would then suspend the prison terms and place the offender on probation. Id. at ¶17. Senate Bill 2, however, radically altered this procedure. Trial courts now have the option of sentencing offenders to *either* a term of imprisonment or to community control. *State v. Hoy*, 3d Dist. Nos. 14-04-13, 14-04-14, 2005 Ohio 1093, ¶18. It is truly an either/or situation. The sentence imposed is either a specific term of imprisonment on each count, or a specific term of community control on each count.

**{¶18}** If imposing community control under the new system, a trial court may choose to impose different lengths of time on each count, depending on the degree of the offense. See R.C. 2929.15, 2929.16, 2929.17, 2929.18. For example, a one-year term of community control may be sufficient for a conviction on a felony of the fifth degree, while a trial court may wish to impose a three-year term or longer for a conviction on a felony of the third degree. However, the total of all

terms imposed may not exceed the statutory maximum of five years. R.C. 2929.15(A)(1).

{¶19} R.C. 2929.15 governs imposition of community control and provides, in pertinent part:

> **If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. * * * The duration of all community control sanctions imposed upon an offender under this division shall not exceed five years.**

R.C. 2929.15(A)(1). This language chosen by the General Assembly refers to sentencing "an offender for a felony." The word "a", in this context, clearly may be equated with the word "each" and expresses the General Assembly's intent to require the trial court to impose community control on "a" felony; in other words, separately on each count. Additionally, as R.C. 2929.15(A)(1) provides that "the court may directly impose a *sentence* that consists of one of more community control sanctions * * *" (emphasis added), we believe that the General Assembly intended community control to be a *sentence*, not a status or some other constraint not a part of Ohio's felony-sentencing scheme. As such, we find no distinction between an error in imposing a "lump" prison term sentence for multiple felonies and in imposing a "lump" community control sentence for multiple felonies.

{¶20} Finally, the Supreme Court of Ohio has repeatedly emphasized that Ohio's felony-sentencing scheme focuses on each offense and sentence individually and not as a group or "sentencing package." Recently, the Court observed that:

**Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time. Under R.C. 2929.14(A), the range of available penalties depends on the degree of each offense. For instance, R.C. 2929.14(A)(1) provides that "[f]or *a felony* of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years." (Emphasis added.) R.C. 2929.14(A)(2) provides a different range for second-degree felonies. In a case in which a defendant is convicted of two first-degree felonies and one second-degree felony, the statute leaves the sentencing judge no option but to assign a particular sentence to each of the three offenses, *separately*. (Emphasis added.) The statute makes no provision for grouping offenses together and imposing a single, "lump" sentence for multiple felonies. Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. See R.C. 2929.11 through 2929.19. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. See *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, paragraph seven of the syllabus, P 100, 102, 105; R.C. 2929.12(A); *State v. Mathis*, 109 Ohio St.3d 54, 2006 Ohio 855, 846 N.E.2d 1, paragraph three of the syllabus. *Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.* (Emphasis added.)**

*State v. Saxon*, 109 Ohio St.3d 176, 2006 Ohio 1245, ¶¶8-9.

**{¶21}** As the General Assembly intended community control to be a sentence and a part of Ohio's felony-sentencing scheme, we believe that the principles requiring the trial court to focus on one offense at a time and prohibiting an omnibus sentence for a group of offenses apply equally to terms of community control. In summary, we believe that, pursuant to the prior decisions of this Court as well as other courts of appeal, the language of the applicable statutes, and the principles of Ohio's felony-sentencing scheme, trial courts must separately dispose of each count of which a defendant is convicted--including setting forth specific terms of community control on each count.[1]

**{¶22}** The Supreme Court of Ohio has consistently found that, prior to the enactment of R.C. 2929.191, a sentence that failed to include a required term of post-release control or provide notice of post-release control was contrary to law, and, therefore, void, requiring a remand to the trial court for a de novo sentencing hearing.[2] *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. See also *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250

---

[1] The preceding discussion, beginning at paragraph #17, originally appeared in my dissent in *Goldsberry,* 3d Dist. No. 14-07-06, 2009-Ohio-6026, at ¶¶24-28 (Rogers, J., dissenting) (*Goldsberry III*).

[2] We are aware of the recent modification of this stance in the Supreme Court's decision of *State v. Fischer*, 2010-Ohio-6238; however that change does not cure a trial court's failure to sentence separately on each individual count of which a defendant has been convicted.

(Although the defendant [Bezak] was entitled to a de novo resentencing hearing based upon the trial court's failure to impose post-release control at his original sentencing, he could not be subject to resentencing because he has already served the prison term ordered by the trial court).

{¶23} Even after the enactment of R.C. 2929.191, the Court found that the statute cannot have a retroactive application and, where a trial court failed to properly impose or provide notice of a term of post-release control prior to the statute's effective date, the proper remedy was a de novo resentencing hearing. *Singleton*, 124 Ohio St.3d 173. Likewise, it logically follows that a trial court's failure to properly impose a term of community control on each count would render the sentence void as being contrary to law and would require a de novo resentencing hearing to impose a sentence on each count. See *State v. Cox*, 3d Dist. Nos. 2-09-31, 2-09-32, 2010-Ohio-3799, ¶20.

{¶24} Accordingly, we find that, because the trial court failed to originally sentence Williams to community control on each separate count of which he was convicted, and instead sentenced him to one lump term of community control, it was error for the trial court to impose a sentence on each count upon revocation of one term of community control.

{¶25} We note that the majority in *Goldsberry III* chose to avoid the issue of the original sentence being a non-final order by finding that it was barred by res

judicata because there was no appeal of the original sentence. See *Goldsberry III*, 2009-Ohio-6026, at ¶16. We now find that a non-final order cannot become res judicata simply because it was not appealed. See generally *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, ¶¶16-17. Had Goldsberry attempted to appeal the original sentence, this Court would have found no jurisdiction. Therefore it is illogical to argue that such an order becomes res judicata by failure to appeal, when no appeal would have been allowed.

**{¶26}** The dissent is satisfied with the original sentencing, arguing that the trial court properly apprised Williams of the terms of imprisonment that would be imposed if he violated the terms of his community control. However, that view presupposes that Williams had first been properly sentenced on each count. R. C. 2929.19(B)(5) states as follows:

> **If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and *shall indicate the specific prison term that may be imposed* as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code. [Emphasis added.]**

R. C. 2929.19(B)(5).  In other words, the trial court must first sentence a defendant to a term of community control *on each offense*, and *then* advise the defendant of the specific term of imprisonment that will be imposed *on each offense* if community control is revoked.  In this case the trial court undeniably failed to impose a sentence each count on which Williams was convicted.

{¶27} We therefore vacate both the sentence imposed upon revocation of community control in December 2009, and the trial court's original sentence imposed in May 2009.  We further remand the case to the trial court with instructions to resentence Williams on each count of which he was convicted.

{¶28} Accordingly, we sustain Williams' second assignment of error.

*Assignments of Error Nos. I and III*

{¶29} In his first assignment of error, Williams argues that the trial court erred imposing a sentence that was significantly greater than that of his accomplices.

{¶30} In his third assignment of error, Williams argues that the trial court erred in failing to grant him thirty days of jail-time credit for the time he spent on electronic home monitoring while on community control.

{¶31} Our resolution of Williams' second assignment of error renders his first and third assignments of error moot, and we decline to address them.  App.R. 12(A)(1)(c).

{¶32} Having found error prejudicial to the appellant herein, in the particulars assigned and argued in his second assignment of error, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

*Judgment Reversed and Cause Remanded*

**WILLAMOWSKI, J., concurs in Judgment Only.**

**/jnc**

**SHAW, J., dissents.**

{¶33} Contrary to the assertion of the lead opinion, the trial court did not fail to specify a sentence for each of the five counts in this case. Nor did the trial court simply order an aggregate term of imprisonment for all of the felony convictions upon a potential violation of community control. On the contrary, the trial court expressly sentenced the defendant, both at the sentencing hearing and in its final judgment entry of sentence, to specific and separate terms of imprisonment corresponding to each felony for which the defendant was convicted.

{¶34} The trial court also sentenced the defendant to five years of community control with eleven enumerated conditions. The trial court then specifically informed the defendant and ordered that "*any* violation of this sentence shall lead to a more restrictive sanction, a longer sanction, *or a prison*

*term of eleven (11) months as to each Count One, Count Two, Count Three and Count Five; and a prison term of seventeen (17) months as to Count Four ***."* (Emphasis added.)

{¶35} The trial court then further Ordered that "[*t*]*he sentences as to Counts One, Two, Three and Five shall be served concurrently, one with the other, and that this concurrent sentence shall be served consecutively with the sentence imposed as to Count Four.*" The trial court then concluded its sentence with the statement that "*it is the Court's specific intention that the Defendant serves a term of twenty-eight (28) months in prison.*" (Emphasis added.)

{¶36} Subsequently, upon the defendant's violation of the community control, the trial court sentenced the defendant *exactly as the trial court stated it would in its original judgment entry of sentence as to each of the five counts and in conformity with the intended aggregate prison term for all five counts as set forth in that judgment.* Under the provisions of the trial court's judgment of sentence, the defendant could not have been more clearly apprised of the terms of his community control and the exact prison terms that would be imposed upon him for each of the five counts, if he violated the terms of his community control.

{¶37} For these reasons, I do not concur with the majority opinion and I respectfully dissent. I would overrule the second assignment of error and proceed to address the remaining assignments of error in this case.