[Cite as *State v. Payne*, 2019-Ohio-80.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2018-04-081<br>CA2018-04-082 |
| | : | O P I N I O N |
| - vs - | | 1/14/2019 |
| | : | |
| NICHOLAS R. PAYNE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-07-0996

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1} Appellant, Nicholas Payne, appeals a decision of the Butler County Court of Common Pleas revoking his community control and imposing a prison sentence.

{¶ 2} Payne was indicted on two counts of nonsupport of dependents, to which he pled guilty to one count and the other count was dismissed. A month later, Payne was indicted on four additional counts of nonsupport of dependents, to which he pled guilty to two counts and two counts were dismissed. The trial court sentenced Payne to community

control on all charges.

{¶ 3} Payne violated the terms of his community control sanctions in February 2018 when he failed to report to his probation officer and his whereabouts were unknown. Two months later, a second notice of alleged violations was issued, alleging that attempts to locate and make contact with Payne had been unsuccessful and that Payne had failed to pay support as ordered. Payne's failure to report constituted a violation of Rule 5 of his community control sanctions, and failure to pay support constituted a violation of Rule 12.

{¶ 4} Payne later appeared for a violation hearing during which he admitted to a single violation of his community control. However, Payne did not specify whether he was admitting the Rule 5 violation or the Rule 12 violation. Even so, the trial court accepted Payne's single admission. The trial court then revoked community control and sentenced Payne accordingly. The trial court later issued an entry in which it addressed Payne's single violation of Rule 5, but did not address the alleged violation of Rule 12 or offer a disposition of that charge. Payne then filed the current appeal, challenging the sentence imposed and the revocation of his community control. While Payne raises two assignments of error for our review, we find that we lack jurisdiction to rule on Payne's arguments for lack of a final appealable order.

{¶ 5} Where the trial court's order fails to impose sentence for each charge, that order is merely interlocutory because the trial court has a mandatory duty "to deal with each and every charge prosecuted against a defendant." *State v. Hoelscher*, 9th Dist. Medina No. 05CA0085-M, 2006-Ohio-3531, ¶ 10. Interlocutory orders do not constitute final appealable orders, as finality does not attach to an incomplete order. *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086.

{¶ 6} A review of the record indicates that Payne admitted to one violation of community control even though the alleged violations were specific to violations of Rule 5

*and* Rule 12 of Payne's community control sanctions.  Accordingly, the alleged violation of Rule 12 is still pending before the trial court so that the trial court's revocation of community control and imposition of sentence for the Rule 5 violation is merely interlocutory.

{¶ 7}  Due to the trial court's failure to dispose of both community control violation allegations, no final appealable order exists.  Therefore, we lack jurisdiction to consider Payne'

{¶ 8}  s assignments of error and dismiss his appeal for lack of a final appealable order.

{¶ 9}  Appeal dismissed.

S. POWELL, P.J., and HENDRICKSON, J., concur.